UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00083-HBB

CURTIS N. LOGSDON                                                                             PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Curtis N. Logsdon ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered August

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

30, 2019 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

This case involves a complicated and extensive procedural history before the Commissioner. Plaintiff protectively filed an application for Supplemental Security Income benefits on June 28, 2012 (Tr. 136, 168, 148). Plaintiff alleged that he became disabled on April 28, 2012, as a result of right knee problems; left ankle trouble; migraines; degenerative disc disease of the lumbar and cervical spine; bilateral carpal tunnel syndrome; high blood pressure; osteoarthritis of both knees and left ankle; acid reflux; anxiety and depression; posttraumatic stress disorder (PTSD), anger, and recurrent nightmares; poor memory, focus, and concentration; difficulty dealing with stress and people; and cataracts on both eyes (Tr. 136-37). Administrative Law Judge Michelle Thompson ("ALJ") conducted a hearing on November 6, 2015 in Nashville, Tennessee (Tr. 168, 52-92). Plaintiff and her attorney, Dale Burchett, were present for the hearing (Id.). Rebecca G. Williams, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated March 8, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 168-83). At the second step, the ALJ found that Plaintiff has the following severe impairments: moderate bilateral carpal tunnel syndrome; disease of the gums; jaw cancer; degenerative disc disease of the cervical and lumbar spine; osteoarthritis of the bilateral knees and left ankle; acid reflux; chronic obstructive pulmonary disease; coronary artery disease; major depressive disorder; anxiety; PTSD; and alcohol dependence (Tr. 170). At the third step, the ALJ found that Plaintiff did not have an

2

impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in Appendix 1 (Tr. 171).

At the fourth step the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of light work due to exertional, postural, environmental, and mental restrictions (Tr. 173). Further, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 181).

At the fifth step, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and RFC (Tr. 181-83). In sum, the ALJ concluded that Plaintiff had not been under a disability from the date of the application, June 28, 2012, through the date of her decision, March 8, 2016 (Tr. 183).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 51). In a notice dated April 18, 2017, the Appeals Council announced it had granted the request for review, conducted a review of the record before the ALJ, and concluded there was an error of law (Tr. 279-82). The Appeals Council indicated it planned to find Plaintiff became disabled on March 8, 2016 under Medical-Vocational Rule 202.06 (Tr. 280).[2] The Appeals Council informed Plaintiff that he could instead ask for a hearing before an administrative law judge (Tr. 281).

---

2 The Appeals Council explained because his 55th birthday was on August 29, 2016, it planned to apply the age categories non-mechanically to find Plaintiff became an individual of advanced age on March 8, 2016 (Tr. 280-01). The Appeals Council indicated given his RFC, education, age category, and remaining vocational profile as of March 8, 2016, Medical-Vocational Rule 202.06 directed a finding of disabled (Id.).

Plaintiff requested a hearing before an administrative law judge (Tr. 190). In an order dated June 29, 2017, the Appeals Council remanded the case to the ALJ for further proceedings in light of new and material evidence submitted in support of the request for review (Tr. 190-91).

On December 4, 2017, the ALJ conducted a second hearing in Nashville, Tennessee (Tr. 22-45). Plaintiff and his attorney, Mary Burchett-Bauer, attended the hearing (Tr. 22-24). Lisa Courtney, an impartial vocational expert, testified during the hearing (Tr. 22-45). The ALJ issued a decision on March 13, 2018, in which she concluded Plaintiff was not disabled prior to March 8, 2016 but became disabled on that date and has continued to be disabled through the date of the decision (Tr. 197-216). At step two, the ALJ found that since April 28, 2012, Plaintiff has had the following severe impairments: moderate bilateral carpal tunnel syndrome; disease of the gums; jaw cancer; degenerative disc disease of the cervical and lumbar spine; osteoarthritis of the bilateral knees and left ankle; acid reflux; chronic obstructive pulmonary disease; coronary artery disease; major depressive disorder; PTSD; and alcohol dependence (Tr. 200). The ALJ further indicated beginning on the established onset date of disability, March 8, 2016, Plaintiff had the following additional severe impairments: left hip fracture; moderate fatty liver; osteomyelitis of the jaw with MRSA infection (Id.). At step three, the ALJ found since the alleged onset date of disability, April 28, 2012, Plaintiff had not had an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in Appendix 1 (Id.).

At the fourth step, the ALJ made a finding regarding Plaintiff's RFC prior to March 8, 2016 (Tr. 202) and a finding regarding his RFC beginning March 8, 2016 (Tr. 212). In both instances, the ALJ determined that Plaintiff could perform a reduced range of light work due to exertional, postural, manipulative, environmental, and mental limitations (Tr. 202, 212). The distinction

between the two RFCs is the ALJ found beginning on March 8, 2016, Plaintiff would miss work at least three days a month due to a combination of conditions and the need for medical treatment (Id.). The ALJ found that Plaintiff has not been able to perform any past relevant work since his alleged onset date (Tr. 214).

At the fifth step, the ALJ found that prior to March 8, 2016, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed considering his age, education, work experience, and RFC (Tr. 214). But beginning on March 8, 2016 there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity (Tr. 215). In sum, the ALJ concluded that Plaintiff became disabled on March 8, 2016 and has continued to be disabled through the date of the decision (Tr. 216).

On April 7, 2018, Plaintiff filed a request for the Appeals Council to review the ALJ's partially favorable decision (Tr. 331-32). In a notice dated February 27, 2019, the Appeals Council announced it granted the request for review, concluded the ALJ's decision was not supported by substantial evidence, and planned to issue a corrective, less favorable decision (Tr. 334-38). The Appeals Council advised that it intended to find Plaintiff disabled as of August 28, 2016, the date he attained age 55, as directed by Medical-Vocational Rule 202.06 (Tr. 335). The Appeals Council provided Plaintiff with the opportunity to submit additional information and ask for an appearance (Tr. 336-37).

In supporting memoranda dated May 14, 2018 and March 29, 2019, Plaintiff argued his onset of disability should be no later than April 24, 2015, considering his diagnosis and treatment for oral cavity cancer (Tr. 454-57, 459-61). The Appeals Counsel's decision of April 26, 2019

5

concluded that Plaintiff became disabled on August 28, 2016, his 55th birthday (Tr. 5-9). The Appeals Counsel explained that Rule 202.06 directed a finding of disabled because Plaintiff became an individual of advanced age on that date (Id.).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council granted Plaintiff's request for review of the ALJ's decision and issued a partially favorable decision (Tr. 5-9). At that point, the Appeals Council's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the Appeals Counsel granted review and issued a partially favorable decision as to Plaintiff's claim at the fifth step.

Finding No. 3

The Appeals Council's decision dated April 26, 2019 is the final decision of the Commissioner. In Finding No. 3 the Appeals counsel set forth its conclusion regarding Plaintiff's RFC (DN 14 PageID # 2506-11). In reaching its conclusion, the Appeals Council adopted most of the ALJ's findings regarding Plaintiff's RFC (*compare* Finding No. 3 at Tr. 7-8 *with* Finding Nos. 4 and 5 at Tr. 202, 212). However, the Appeals Council disagreed with the ALJ's determination that beginning on March 8, 2016, Plaintiff will miss work at least three days a month due to a combination of conditions and the need for medical treatment (*see* Tr. 6 and *compare* Finding No. 3 at Tr. 7-8 *with* Finding Nos. 4 and 5 at Tr. 202, 212).

1. Arguments of the Parties

While Plaintiff believes the record supports an earlier onset of disability, he argues the Appeals Council should have adopted the ALJ's determination that he will miss work at least three days per month beginning March 8, 2016 (DN 14 PageID # 2506-09). "[T]he Appeals Council on April 18, 2017 advised of the intent to approve the case with a March 8, 2016 onset, the same onset [later] found by the ALJ" (Id. PageID # 2507-08 citing Tr. 279-82). Plaintiff reasons,

"[w]hile the Appeals Council's rationale was based on a non-mechanical application of Medical-Vocational Rule 202.14, the ultimate decision by the ALJ was the same proposed by the Appeals Council on April 18, 2017" (Id. citing Tr. 280).

Plaintiff also argues the Appeals Council erred in concluding there is nothing in the record supporting the ALJ's finding that Plaintiff would miss work at least three days per month beginning March 8, 2016 (Id. citing Tr. 6). Plaintiff asserts the ALJ identified substantial evidence in the record supporting her finding (Id. citing Tr. 6, 190, 212, 213, 1073-75). Further, Plaintiff cites Dr. Sinard's medical records from 2016 and 2017 in support of his position (Id. citing Tr. 1069, 1937, 2440, 2441, 2442, 2445).

Alternatively, Plaintiff seeks a remand because the ALJ and Appeals Council failed to obtain a medical opinion addressing his April 2015 diagnosis and subsequent treatment of oral cavity cancer (Id. PageID # 2510-11). Plaintiff suggests the ALJ and Appeals Council evaluated raw medical data in functional terms due to the absence of such a medical opinion (Id.).

Defendant acknowledges the Appeals Council's proposal in the April 18, 2017 notice (DN 19 PageID # 2531-35). But asserts Plaintiff cites no authority holding that the Appeals Council remained bound by the proposal after Plaintiff opted for a new administrative law judge hearing and decision (Id.). Plaintiff requested review of the ALJ's new decision, and the Appeals Council appropriately determined it was not supported by substantial evidence (Id.). Defendant contends substantial evidence supports the Appeals Council conclusion that the ALJ erred in finding Plaintiff required at least three absences per month beginning on March 8, 2016 (Id.). The Appeals Council explained why the evidence the ALJ identified did not support such a finding (Id. citing Tr. 6, 1062-63, 1064, 1065, 1151).

Defendant contends the ALJ and Appeals Counsel did not need a medical source opinion to evaluate the evidence regarding Plaintiff's April 2015 diagnosis and treatment for jaw cancer (Id. PageID # 2535-39). The regulations give an administrative law judge discretion to determine when additional medical opinion evidence is required (Id. citing 20 C.F.R. § 416.919a(b)). Here, the ALJ evaluated the records relating to Plaintiff's diagnoses and treatment for jaw cancer, along with other evidence in the record, and reasonably found that it supported an RFC of a limited range of light work with numerous additional exertional and non-exertional limitations (Id. citing Tr. 202-212).

2. Discussion

The residual functional capacity finding is the Commissioner's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946(c). The Commissioner makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a), 416.946(c). Thus, in making the residual functional capacity finding the Commissioner must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 416.927(c), 416.929(a).

In Finding No. 3 the Appeals Council adopted most of the ALJ's findings regarding Plaintiff's RFC, but it did not include her determination that beginning on March 8, 2016, Plaintiff will miss work at least three days a month due to a combination of conditions and the need for medical treatment (*see* Tr. 6 and *compare* Finding No. 3 at Tr. 7-8 *with* Finding Nos. 4 and 5 at Tr. 202, 212). The Appeals Council devoted two paragraphs to explaining why the medical evidence addressing Plaintiff's condition and treatment from March 8, 2016 through August 28,

2016 (Plaintiff's 55th birthday) did not actually support the ALJ's finding that Plaintiff would miss work at least three days a month beginning March 8, 2016 (Tr. 6, 212).

The Court finds unavailing Plaintiff's reliance on medical evidence from Dr. Sinard addressing Plaintiff's condition and treatment from February 24, 2017 through March 22, 2017 (Tr. 1937, 2440, 2441, 2442) and the June 6, 2017 emergency room consultation note discussing Plaintiff's hip fracture and purulent drainage from his chin that was cultured and found to grow MRSA (Tr. 2445). This medical evidence is not relevant to the question addressed by the Appeals Council. Specifically, whether Plaintiff will miss work at least three days a month during the time frame March 8, 2016 through August 28, 2016. The Appeals Council focused on this limited time frame because as of August 28, 2016, Plaintiff was an individual of advanced age and Rule 202.06 directed a finding of disabled (Tr. 6, 7, 8, 9). The Court has reviewed the record and concludes the Appeals Council's RFC determination set forth in Finding No. 3 is supported by substantial evidence in the record and comports with applicable law.

Next, Plaintiff contends that the Appeals Council should have adopted the ALJ's determination that he will miss work at least three days per month beginning March 8, 2016, because the Appeals Council, in a notice dated April 18, 2017, indicated its intent to approve the case with a March 8, 2016 onset, the same onset later found by the ALJ. The Court finds this contention equally fruitless. Plaintiff conflates this part of the ALJ's RFC finding with an earlier proposal by the Appeals Counsel that was based on a non-mechanical application of Medical-Vocational Rule 202.06. Specifically, in the notice dated April 18, 2017, the Appeals Council recognized that as of March 8, 2016, Plaintiff was within approximately five months of his 55th birthday, at which point he would be an individual of advanced age for Social Security purposes

11

(Tr. 280). The Appeals Counsel proposed to find Plaintiff became an individual who is of advanced age, as of that date. The Appeals Council explained if that age category is applied to the ALJ's RFC finding and Plaintiff's remaining vocational profile, Rule 202.06 would direct a finding of disabled in his case as of March 8, 2016, the ALJ's original decision date.

To the extent Plaintiff maybe suggesting the Appeals Council is somehow obligated to fulfill its April 18, 2017 proposal, the Court notes that Plaintiff made a tactical decision to reject that proposal and request a new hearing before an administrative law judge (Tr. 190). Apparently, Plaintiff made this tactical decision because he believed the evidence demonstrated an onset of disability earlier than March 8, 2016. When the ALJ disagreed in the subsequent decision, dated March 13, 2018, Plaintiff again requested the Appeals Council review (Tr. 331-32). Plaintiff argued to the Appeals Council that his onset of disability should be no later than April 24, 2015, considering his diagnosis and treatment for oral cavity cancer (Tr. 454-57, 459-61). The law in the Sixth Circuit is well settled, the Appeals Council is empowered to consider all aspects of a decision, even when the claimant seeks review of only a narrow aspect of the administrative law judge's decision. *See* Gronda v. Sec'y of Health & Human Servs., 856 F.2d 36, 38-39 (6th Cir. 1988) (claimant challenged the administrative law judge's finding that his disability began on April 4, 1985, but the Appeals Council reviewed the record and concluded the administrative law judge's finding of disability after April 4, 1985 was not supported by substantial evidence). Here, the Appeals Counsel considered the record and, as discussed above, concluded that part of the ALJ's RFC finding was not supported by substantial evidence (Tr. 5-9). But when the Appeals Council considered the rest of the ALJ's RFC finding, Plaintiff's age on August 28, 2016, his education, and work experience, it concluded that Rule 202.06 directed a finding that Plaintiff was disabled

12

as of August 28, 2016 (Id.). The findings of the Appeals Council are supported by substantial evidence and comport with applicable law. More importantly, to the extent Plaintiff maybe suggesting the Appeals Council is somehow obligated to fulfill its April 18, 2017 proposal he is mistaken.

Next, Plaintiff argues a remand is appropriate because the ALJ and Appeals Council made their RFC findings without obtaining a medical opinion addressing the diagnosis, treatment, and the functional limitations that arose from his jaw cancer. Plaintiff points out that his April 24, 2015 diagnosis and treatment occurred after the May 2014 consultative examination and August 2014 opinion of the non-examining state agency medical consultant (Id.). Arguably, Plaintiff has waived this claim because he did not raise it in his memoranda to the Appeals Council (Tr. 454-57, 459-61). Maloney v. Comm'r of Soc. Sec., 480 F. App'x 804, 810 (6th Cir. 2012) (waiver because claimant did not raise issue to the Appeals Council); Sharp v. Comm'r of Soc. Sec., No. 18-11317, 2019 WL 4281976, at * 12-14 (E.D. Mich. May 2, 2019) (argument exhausted by raising it with the Appeals Council). Notwithstanding, the Court notes that both the Appeals Council and the ALJ conducted thorough reviews of the medical evidence concerning the diagnosis, treatment, and limitations arising from Plaintiff's jaw cancer (*see* Tr. 5-6 and 207-08). More importantly, the ALJ expressly rejected Plaintiff's request that he be sent for a physical consultative examination if a fully favorable decision could not be rendered to assess his physical status and restrictions post-surgery (Tr. 210). The ALJ explained that another physical consultative examination was not necessary because the records following Plaintiff's surgery and prior to March 8, 2016, "are largely unremarkable, showing he did well post-surgery" (Id.). Further, the ALJ noted that "[p]ursuant to 20 CFR § 416.919a, a consultative examination may be

purchased if information cannot be obtained from the claimant's medical sources, to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to support a decision" (Id.). The ALJ indicated that neither of those conditions or any examples set forth in the regulation were present in Plaintiff's case (Id.). The Court concludes that neither the ALJ nor the Appeals Council erred by making their RFC findings without obtaining a consultative medical opinion addressing the medical evidence pertaining to Plaintiff's jaw cancer. *See* 20 C.F.R. § 416.919a(b) (affords ALJs and Appeals Council the discretion to obtain an additional medical opinion; Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 275 (6th Cir. 2010) (discretion to determine whether expert opinion is necessary).

## Finding Nos. 4, 8, and 9

Plaintiff objects to these findings for the reasons stated in her objection to Finding No. 3 (DN 14 PageID # 2512-13). In the section preceding, the Court explained why Plaintiff's objections to Finding No. 3 are without merit. Those reasons apply equally herein. In sum, Plaintiff's objections are without merit because Finding Nos. 4, 8, and 9 are supported by substantial evidence and comport with applicable law.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:   Counsel